IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaias Fadi Fisher,<br><br>  Petitioner,<br><br>vs.<br><br>Dennis R. Smith, Warden, FCI Phoenix,<br><br>  Respondent. | No. CIV 11-0303-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

On April 28, 2011, Isaias Fadi Fisher filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 12). Fisher seeks to have the Bureau of Prisons (BOP) consider his eligibility for a reduction in his sentence upon completion of the Residential Drug Abuse Program (RDAP). Specifically he requests that his prior conviction for unlawful imprisonment not disqualify him for a sentence reduction. In the alternative, Fisher requests that if he has completed the drug abuse program prior to the completion of his habeas proceedings, that BOP consider his immediate eligibility for placement in a Residential Re-Entry Center (RRC) without consideration of the prior conviction. Respondent Dennis Smith argues that the Court lacks jurisdiction to review an individualized decision by BOP under RDAP. The Court agrees and recommends that the petition be dismissed and that Fisher's Motion for Expedited Declaratory Judgment be denied. [1]

---

[1] Smith also argues that Fisher failed to exhaust his administrative remedies. In light of the Court's conclusion that it lacks jurisdiction to review BOP's determination that Fisher was not eligible to receive a reduction to his sentence, it need not decide this issue.

## BACKGROUND

Fisher is serving a 41-month sentence at FCI-Phoenix for Possession with Intent to Distribute Marijuana. He is projected to complete his sentence on August 29, 2012, via Good Conduct Time Release (Doc. 6, Attachment 3). He is also scheduled to be released to a RRC on March 6, 2012 (*Id.*, Attachment 4).

Eligibility determinations for RDAP sentence reductions are conducted at the BOP Designations and Sentence Computation Center (DSSC) in Grand Prairie, Texas. On March 11, 2010, Tiffany Phillips, Associate General Counsel at DSSC, determined that Fisher's prior conviction from the State of Arizona for Unlawful Imprisonment is equivalent to the FBI's National Incident Based Report (NIBRS) definition for kidnaping. Kidnaping is a disqualifying prior offense for eligibility for a RDAP sentence reduction. *See* 28 C.F.R. § 550.55(b)(4)(vi). Phillips based this eligibility denial on information contained in Fisher's Presentence Investigation Report:

> The inmate took his girlfriend and son to the doctor, where the two then got in an argument and the inmate would not let his girlfriend out of the car until she talked to him. This offense rises to the level of Kidnaping, which is defined by NIBRS as the unlawful seizure, transportation, and/or detention of a person against his/her will. Accordingly, inmate is precluded from early release eligibility.

(Doc.1, Exh 1).

Fisher began RDAP on July 6, 2010 (Doc. 6, Exh 1). On January 24, 2011, Fisher filed a Request for Administrative Remedy; Smith denied the request on February 8, 2011 (*Id.*, Attachment 5). On February 9, 2011, Fisher sought review at the Western Regional Office (*Id.*, Attachment 6). On February 15, 2011, Fisher filed his federal habeas petition. On March 8, 2011, Robert E. McFadden, Regional Director, denied Fisher's request for reconsideration of Smith's February 8 decision (Doc. 17, Attachment 1). On March 21, 2011, Fisher filed an appeal with the Administrative Remedy Section of BOP (*Id.*). On May 11, 2011, his appeal was denied (*Id.*).

On May 24, 2011, Fisher filed a Motion for Expedited Declaratory Judgment, stating that he had completed the 500-hour RDAP program, making him eligible for immediate

placement in a RRC (Doc. 13). He asserts that as of May 27, 2011, his administrative remedies will be fully exhausted, and that if the district court determines that his prior conviction does not constitute a kidnaping, he will be eligible for immediate release (*Id.*). He maintains that the relief he is seeking is not based upon any individualized RDAP decision, but on BOP's erroneous interpretation of A.R.S. §13-1303, the statute under which he was convicted of unlawful imprisonment. In the motion, Fisher also seeks expedited review of his habeas case (*Id.*).

**DISCUSSION**

Smith argues that the Court lacks jurisdiction to review an individualized decision under RDAP, citing *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011). In *Reeb*, the Court of Appeals ruled that BOP has broad discretion in administering RDAP, including the decision about which inmates, upon completion of the program, are eligible for a sentence reduction. The Court held that "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court." *Reeb*, 636 F.3d at 1227. Fisher argues that BOP erred in his particular case, but this is a matter which is not reviewable by the Court. Although Fisher characterizes the issue as one of "an erroneous statutory interpretation," BOP did not interpret the elements of the criminal statute under which Fisher was convicted. Instead, BOP determined from the facts contained in Fisher's presentence report describing the offense that those facts fit within the NIBRS definition for kidnaping: the unlawful seizure, transportation, and/or detention of a person against his/her will. Such an individualized determination is not reviewable by the Court.

**IT IS THEREFORE RECOMMENDED** that Isaias Fadi Fisher's Amended Petition for Writ of Habeas Corpus be **dismissed with prejudice** (Doc. 12).

**IT IS FURTHER RECOMMENDED** that Fisher's Motion for Declaratory Judgment be **denied** (Doc. 13).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

1  Appellate Procedure, should not be filed until entry of the district court's judgment. The
2  parties shall have fourteen days from the date of service of a copy of this recommendation
3  within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1);
4  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
5  days within which to file a response to the objections. Failure timely to file objections to the
6  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
7  and Recommendation by the district court without further review. *See United States v.*
8  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
9  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
10 to appellate review of the findings of fact in an order or judgment entered pursuant to the
11 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of August, 2011.

David K. Duncan
United States Magistrate Judge