1      **NOT FOR PUBLICATION**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8

9    Isaias Fadi Fisher,                    )    No. CV11-0303-PHX-SRB
                                            )
10              Petitioner,                 )    **ORDER**
                                            )
11   vs.                                    )
                                            )
12                                          )
     Dennis R. Smith, Warden, FCI Phoenix,  )
13                                          )
                Respondent.                 )
14                                          )
                                            )
15   _____)

16

17          Petitioner Isaias Fisher filed his original Petition for Writ of Habeas Corpus on

18   February 15, 2011.  After service, but before Respondent filed any response, Petitioner was

19   granted leave to amend. Petitioner filed an Amended Petition on April 28, 2011.  A response

20   was filed on May 27, 2011.  Subsequently Petitioner filed a reply.  The only claim made in

21   the Amended Petition is that the Bureau of Prisons (BOP) refused to consider Petitioner

22   eligible for up to a one year reduction of his sentence upon completion of the BOP's

23   Residential Drug Abuse Program.  On May 24, 2011 Petitioner filed a Motion for Expedited

24   Declaratory Judgment advising the Court that he had completed the Residential Drug Abuse

25   Program and urging that he should now be eligible for immediate placement in a Residential

26   Re-Entry Center.

27          On August 12, 2011 the Magistrate Judge issued his Report and Recommendation

28   recommending that the Amended Petition for Writ of Habeas Corpus be dismissed with

1   prejudice because the Court lacks jurisdiction to review the BOP's individualized decision

2   denying Petitioner eligibility for a sentence reduction upon completion of the Residential

3   Drug Abuse Program and recommending that the Motion for Declaratory Judgment be

4   denied.  Petitioner filed timely objections to the Report and Recommendation on August 31,

5   2011.  Respondent has responded to those objections.

6          Although Petitioner completed the BOP's Residential Drug Abuse Program the BOP

7   determined that he was not eligible for the sentence reduction of up to one year pursuant to

8   18 U.S.C. § 3621(e).  This determination was made based on a prior misdemeanor conviction

9   Petitioner suffered for unlawful imprisonment.   The BOP Designations and Sentence

10  Computations Center determined, based on information contained in Petitioner's presentence

11  report prepared in connection with the unlawful imprisonment conviction, that the facts

12  underlying his conviction for unlawful imprisonment met the federal definition of kidnaping.

13  Kidnaping is a disqualifying prior offense for eligibility for a sentence reduction after

14  completion of the Residential Drug Abuse Program.  The Magistrate Judge concluded that

15  the Court lacks jurisdiction to review this individualized decision made by the BOP

16  concerning eligibility for a sentence reduction under the Residential Drug Abuse Program.

17         In Petitioner's objections he argues that the unlawful imprisonment misdemeanor

18  offense for which he was convicted and kidnaping do not equate and, therefore, the BOP

19  abused its discretion in denying him early release eligibility and the BOP decision is contrary

20  to law and reviewable by this Court pursuant to the Administrative Procedures Act.  He

21  further argues that the *Reeb*[1] decision supports this view because of the Court's

22  acknowledgment in that opinion that judicial review is available when the BOP acts contrary

23  to established federal law, violates the constitution or exceeds statutory authority.  In his

24  response to Petitioner's Objections, Respondent argues that Petitioner's case is not within the

25  exception acknowledged by *Reeb* because Petitioner is trying to suggest that there was a

26  ruling contrary to law in determining that a state conviction for unlawful imprisonment is the

27  _____

28         [1]*Reeb v. Thomas,* 636 F.3d 1224 (9th Cir. 2011).

equivalent of a kidnaping conviction under federal law.  Respondent argues that the BOP made an individualized determination that the facts of Petitioner's conviction were equivalent to kidnaping and that determination not subject to APA review and under *Reeb* outside this Court's jurisdiction.

The Court agrees with the Magistrate Judge that the decision of the BOP determining Petitioner ineligible for a sentence reduction upon completion of the Residential Drug Abuse Program was an individualized decision within the discretion of the BOP and over which this Court has no jurisdiction.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

IT IS FURTHER ORDERED that Petitioner's Motion for Declaratory Judgment is denied.

IT IS FURTHER ORDERED that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

DATED this 15th day of September, 2011.

_____
Susan R. Bolton
United States District Judge